Nicholas Fitzgerald, Esq. NF/6129
Fitzgerald & Associates, P.C.
649 Newark Avenue
Jersey City, NJ 07306
(201) 533-1100
United States Bankruptcy Court
District of New Jersey -- Newark
---------------------------------X
In Re:

   Ana S. Baptista                  **Chapter 13**

                                    Case No. 17-21786
   Debtor                       Hon. Vincent F. Papalia


---------------------------------X


FACTS

   The facts in this case are undisputed and as follows.

   The Debtor filed her first Chapter 13 bankruptcy case on February 2, 2016. The Debtor concedes that she did not list National Loan Investors (hereinafter "NLI") in the first petition and schedules due to accident and mistake, not out of any malice. Despite that fact, NLI was on notice and the creditor did file a proof of claim. The Debtor's bankruptcy case was dismissed on May 9, 2017 due to nonpayment to the Chapter 13 Trustee. The Debtor operates a bar and her business was unexpectedly slow during the winter. Business is now booming and she is able to make timely trustee payments.

   The Debtor filed the instant case on June 7, 2017 to stop the sheriff sale of her real property located at 57 Wilson Avenue, Newark, NJ.

   The Debtor owns two properties.

   The first property is 57 Wilson Avenue, Newark, NJ. This property is valued at $388,896.00. There are two mortgages on this property. The first is held by US Bank NA for a total amount of $605,229.00. There is a second mortgage held by DiTech Financial Services totaling $100,019.00. This mortgage is not currently treated in the plan and the plan will need to be

1

modified to treat this mortgage.

The Debtor's second property at 55 Wilson Avenue, Newark, NJ. The property is valued at $385,256.00. There is no mortgage on this property.

The Debtor's plan as filed proposed to repay the total arrears owed on both the US Bank NA mortgage and will pay the DiTech Mortgage once the modified plan is filed. The Debtor has one unsecured priority debt listed on her schedules, the State of New Jersey Division of Taxation, which the Debtor proposes to pay in full through the plan. Due to the fact that the Debtor has a tremendous amount of equity in her property were there any unsecured creditors in this case she would be required to pay a 100% dividend to them.

The facts as to the mortgage with NLI are as follows. As an accommodation to her husband, Armindo Goncavles, on June 18, 2004, the Debtor signed a personal guaranty to secure the repayment of the mortgage from Independence Community Bank. The borrower on the mortgage is Armindo R. Goncalves and the mortgage is secured against his property located at 124 Fleming Avenue, Newark, NJ. The Debtor has no interest in the real property located at 124 Fleming Avenue, Newark, NJ. This property is worth approximately $503,174.00. It is assessed at $447,600.00. There is more than enough equity in the property at 124 Fleming Avenue, Newark, NJ to completely secure the mortgage held by NLI.

On or about March 22, 2012, Sovereign Bank NA, the successor in interest of Independence Community Bank, assigned the mortgage and the guaranty to NLI. On or about August 31, 2012, Goncalves and the Debtor signed a Loan Modification with NLI.

Mr. Goncalves ultimately defaulted on that loan modification and NLI chose to pursue the Debtor in the Superior Court of New Jersey, Law Division. NLI obtained a judgment against both the Debtor and Mr. Goncalves for the total amount of $390,444.64 on August 2, 2013. At the time the judgment was entered the Debtor owned both 55 Wilson Avenue, Newark, NJ and 57 Wilson Avenue, Newark, NJ.

On or about September 29, 2017, the Debtor and Goncalves signed a loan forbearance agreement with NLI. The Debtor and Goncalves has since defaulted on the forbearance agreement and are in default on this mortgage at the time of the filing of this writing.

### Response to Legal Arguments

### Point I

A. The Debtor's Unsecured Debts do Not Exceed the Section 109(e) Limitation.

NLI claims that the debtor is not eligible to be in Chapter 13 bankruptcy because it is asserted that the debtor's unsecured debts exceed the statutory limitation of $394,725 as provided for within 11 U.S. C. §109(e).

That is emphatically not the case.

NLI fully acknowledges in its Exhibit B that on the 2nd day of August 2013 they recorded and docketed a judgment in the amount of $390,444.64 against the debtor, the debtor's husband, Armindo R. Goncalves, and against Prestige Fence Systems Corporation.

It is fundamental that under New Jersey law, once a judgment is entered in the county in which real property is located, the judgment becomes a statutory lien on real property owned by the judgement debtor in the county in which the judgment is docketed. Joseph Harris & Sons, Inc. v. Van Loan, 23 N.J. 466, 470, 129 A. 2d 571 (1957); New Brunswick Savings Bank v. Markouski, 123 N.J. 402, 411-12, 587 A. 2d 1265(1991); Chemical Bank v. James 354 N.J. Super. 1, 8, 803 A. 3d 1166 (app.Div. 2002).

The application of this fundamental law is brought out in the case Tuohey v. Fall, 91 N.J. Super. 252, 219 A.2d 883 (App. Div.

1966) where it was held that a civil judgment entered in Essex County was a lien on the debtor's real property located in Essex County -- the exact facts as exist in the case at bar.

At the time the judgment was entered (and to the present day) the debtor owned real property located at 55 Wilson Avenue, Newark, New Jersey. At the time of the docketing of the judgement in NLI"s Exhibit B, and until the present date, the 55 Wilson Avenue property is not encumbered by any liens. The docketing of the $390,444.64 judgment against the debtor in Essex County caused the judgment to be a lien against all of the property owned by the debtor in Essex County and it immediately became a lien on the 55 Wilson Avenue property. Since the value of the 55 Wilson Avenue property is $385,256.00, the judgment is secured to the extent of $385,256.00 -- almost the entire $390,444.64 judgment is secured. The actual exact secured amount of the claim is $385,256.00 -- the value of the 55 Wilson Avenue property -- and the unsecured amount is $5,188.64 -- that is $390,444.64 minus $385,256.00 equals $5,188.64.

There is not one single case in which a judgment docketed in the county in which the judgment debtor owns real property wherein there was equity in the property above pre-existing liens was held not to be a lien on the real property.

Accordingly, there is simply no question that the $390,444.64

judgment is secured to the extent of the equity in the 55 Wilson Avenue property and NLI's claim that the entire $390,444.64 judgment is unsecured is false.

### Point II

B. It is Irrelevant Whether or Not NLI"s Claim Against the Debtor is Contingent.

NLI argues that its judgment is not contingent.

Since as a matter of law it is beyond dispute that $385,256.00 of the $390,444.64 claim is secured, the debtor needs no further argument to prove that she is eligible to be in Chapter 13 and, accordingly, the contingent nature of the claim is irrelevant.

### Point III

C. The separate classification of NLI's $390,444.64 claim is entirely appropriate.

NLI objects to the separate classification of NLI's $390,444.64 claim.

For the reasons stated below, NLI's $390,444.64 claim is entirely different from any other claim against the debtor.

1) Section 1301 of the Bankruptcy Code specifically provides for separate treatment of debt upon which there is a co-debtor. There are co-debtors on NLI's claim -- this is the only debt the debtor has upon which there are co-debtors. It is perfectly permitted to separately classify claims upon which there are co-debtors from claims in which there are no co-debtors.

2) The debtor's husband, Armindo Goncalves, who is a co-debtor on this debt, is obligated to pay the debt in full outside the plan and it is the debtor's intention that he pay the debt outside of the debtor's plan.

3) NLI is totally adequately protected because NLI has a statutory lien against the debtor's 55 Wilson Avenue property **and** it holds a first mortgage against property at 124 Fleming Avenue, Newark New Jersey which is property the debtor does not own. Accordingly, NLI will ultimately be paid in full due to the liens it has the two parcels of real property.

### Point IV

D. NLI incorrectly claims that the debtor is seeking "a fair market value credit."

The debtor is emphatically not seeking to take a credit against the property she doesn't own to reduce the claim. Rather the debtor is simply seeking not to include payment of the claim within her Chapter 13 payment plan because it is anticipated that the co-debtor will pay the claim and if the co-debtor fails to pay the claim, NLI can be made whole by taking the property which the debtor doesn't own upon which NLI holds a secured claim.

### Point V

E. NLI incorrectly claims that the debtor is trying to force NLI to "Marshall Assets."

NLI is trying to take a concept mainly applicable to Chapter 11 cases and to shoehorn it into Chapter 13. This section of the objection appears to be lifted from a brief in a Chapter 11 case.

NLI asserts:

> Here, the mortgage real Property is not owned by the Debtor but instead by a non-debtor, Goncalves. To that end, the Debtor is asking this Court to exert jurisdiction over the Property, which is not property of the estate."

That is just not true. The debtor is not asking this Court to exert any jurisdiction over property that does not belong to the debtor. The debtor does not assert, for example, that the bankruptcy stay would stop foreclosure proceedings again property not belonging to the debtor nor does the debtor request that this Court take any sort of dominion or control over property not titled to the debtor.

Put simply, the debtor is not trying to force the creditor to "Marshall Assets."

### Point VI

F. NLI correctly states that the debtor is contractually barred from requiring NLI to proceed against the mortgage property.

The debtor fully agrees that she cannot force NLI to proceed against the mortgaged property which is not titled to her.

In fact, it is hard to see how any debtor in any case -- bankruptcy or non-bankruptcy -- could force a creditor to proceed

against collateral. It might well be foolish of a creditor not proceed against collateral, but a debtor cannot force a creditor to do so.

NLI is setting up a straw dummy which it is then knocking down.

The reason that NLI set up this straw dummy is likely an attempt to cut off the argument that the judgment is secured against the property which does not belong to the debtor and thus is a secured debt. Because the judgment is secured against the property at 55 Wilson Avenue which **is** titled to the debtor, the debtor does not need to avail herself of the argument that the judgment is secured against other property to prove her eligibility under 109(e).

### Point VII

F. NLI incorrectly raises the Rooker-Feldman doctrine.

The debtor does not challenge the entry of the judgment against her nor does she in any way imply that her bankruptcy filing preempts that judgment and she is not using her bankruptcy filing to attempt an improper appeal of the judgment. Thus, the Rooker-Feldman doctrine is just not relevant to the case at bar.

## Conclusion

There can be no doubt whatsoever that the debtor is eligible to be in Chapter 13 under 109(e) because the judgment is a secured debt against the debtor's property at 55 Wilson Avenue, Newark, New Jersey.

NLI's claim is not being impaired through the debtor's payment plan. NLI is an over-secured creditor. It is entirely proper for the debtor to propose that the co-debtor pay that claim outside of the debtor's Chapter 13 payment plan. If the co-debtor does not pay NLI's claim, then NLI has a remedy against the co-debtor's real property upon which it holds a mortgage. The debtor is not forcing NLI to go after the collateral -- indeed, she has no standing to do so -- but this issue is raised to show that NLI has alternative remedies.

NLI's secured claim will survive the debtor's bankruptcy and NLI is over-secured. Accordingly, there is no detriment to NLI in a confirmed plan which provides that the co-debtor is to pay the claim. This is a common situation when, for example, a Chapter 13 debtor has co-signed on a vehicle loan and the co-debtor pays the vehicle loan outside of the debtor's payment plan.

**WHEREFORE**, it is respectfully requested that NLI's objection to confirmation be overruled.

Date:  October 9, 2017

Respectfully submitted,

_____
Nicholas Fitzgerald
Counsel for Debtor