# DEMBO, BROWN & BURNS LLP
### ATTORNEYS AT LAW

Leon D. Dembo*
James W. Burns*
Michael E. Brown*
—
Kyle F. Eingorn*
—
*Member NJ & PA Bar

1300 ROUTE 73
SUITE 205
MOUNT LAUREL, NEW JERSEY, 08054

November 9, 2017
via ELECTRONIC FILING

Telephone:
856-354-8866 Ext. 336

Direct Fax:
856-354-0971

E-Mail
KEingorn@dbblegal.com

The Honorable Vincent F. Papalia, U.S.B.J.
MLK Jr Federal Building
50 Walnut Street
Newark, New Jersey 07102

    RE:    **In re Ana S. Baptista;**
             **Case No.: 17-21786-VFP**
             **Our File No.: 11809**
             **Reply to Debtor's Response to Objection to Confirmation and Further**
             **Objection to Modified Plan**
             **Hearing Date: November 16, 2017**

Dear Judge Papalia:

This firm represents creditor, National Loan Investors, L.P. ("NLI") in the above referenced bankruptcy case. Kindly accept this letter brief in lieu of a more formal brief in reply to the Debtor's Response [Doc 25] to NLI's Objection to Confirmation [Doc21] and as continued objection to the recently filed Modified Plan [Doc26].

As set forth in NLI's Objection to Confirmation [Doc 21], the Debtor is the guarantor of a commercial loan obligation, which was later reduced to a judgment in the amount of $390,444.64. The underlying loan obligation matured on September 30, 2017. Debtor filed this second bankruptcy without notice to NLI, then proceeded to list NLI as an unsecured creditor in her Plan [Doc 3] and improperly classified NLI in order to deny NLI as distribution by claiming that NLI's claim was contingent (which it is not) based upon the potential sale of real property, which the Debtor does not own.

In response to NLI's objection, the Debtor has argued that she is not seeking to marshal assets [Doc 25 at p. 6] while simultaneously filing a Modified Plan, which unequivocally calls for the marshalling of assets. The Debtor, in her Modified Plan, also moves the goal post in violation of the doctrine of judicial estoppel by now claiming for the first time (in either this case or in the First Bankrutpcy) that NLI is secured. Clearly the Debtor's efforts are simply to qualify as a Chapter 13 debtor despite being over the Section 109(e) debt limitation and to deny NLI any distribution from her estate. Again, the Debtor knowingly failed to list NLI as a creditor in her bankruptcy petition despite failing to object to NLI's unsecured claim in her First Bankruptcy case (case number 16-11858-VFP), (which was ultimately dismissed) and despite having executed a Loan Forbearance Agreement with NLI on September 29, 2015[1]. Then, the Debtor admitted NLI was unsecured by listing NLI as an unsecured creditor in her original plan [Doc3]. However, when NLI notified the Court, in its objection to confirmation, that the Debtor is over the 109(e) debt limitation, she then reversed course and in violation of the doctrine of judicial estoppel concocted an argument that NLI is actually a secured creditor (but the Debtor still does not want to make any payment to NLI on behalf of its admittedly undersecured claim).

In either scenario, the Debtor improperly seeks to classify NLI's claim in such a way so as to avoid fair treatment under her plan. Much like in her original plan [Doc3], the Debtor's Modified Plan [Doc26] proposes the marshalling of assets, which as previously discussed, is in violation of prevailing law and the waivers in her Guaranty Agreement. See Doc 21. In addition, the Debtor admits that NLI is undersecured [Doc 25 at p. 4] in this case but yet seeks to deny NLI any payment despite the fact that the underlying loan is fully matured and due in full.

It should be noted that the Debtor's argument that "NLI incorrectly claims that the debtor it trying to force NLI to 'Marshall Assets'" [Doc 25 at p.6-7] is completely erroneous as the

---
[1] Again, said Agreement matured by its own terms on September 30, 2017.

Document    Page 3 of 4

Debtor is undeniably seeking to marshal assets. Put simply, the essence of marshalling assets is a debtor's attempt to force a creditor to seek repayment from an alternative source. There can be no dispute that this is exactly what the Debtor is seeking to do with NLI. As set forth in the Debtor's Modified Plan [Doc 26] the Debtor proposes no payment to NLI from her estate but instead proposes that NLI be paid solely from the sale of a property THAT THE DEBTOR ADMITTEDLY DOES NOT OWN. This is entirely improper as fully outlined in NLI's objection [Doc 21] as the Debtor cannot meet the relevant standard for marshalling of assets and has specifically waived such an argument in her Guaranty [Doc 21 at Exhibit A].

To that end, the Debtor has now reversed course, in violation of the doctrine of judicial estoppel, and alleged that NLI is secured via its judgment against the Debtor's real property located at 55 Wilson Avenue [Doc 24 at p. 4]. The Debtor also admits that NLI is undersecured in said property by admitting that "the undersecured amount is $5,188.64." Id. As NLI is undersecured, it must either be granted stay relief to levy upon the 55 Wilson Avenue property or the Debtor must pay NLI the full value of the 55 Wilson Avenue property over the life of the Plan (again the underlying loan is fully matured and as such cannot be cured and reinstated). See 11 U.S.C. §1325(a)(4) and (5). However, the Debtor cannot drag NLI through this case, whether for one (1) year (as proposed) or five (5) years (the life of the Plan) without making a payment to NLI while admitting that NLI is an undersecured creditor. Id.

Accordingly, the Debtor's Modified Plan cannot be confirmed. As set forth above and in NLI's prior objection to confirmation, either NLI is an unsecured creditor and the Debtor does not qualify to be a Chapter 13 Debtor (11 U.S.C. §109(e)), or NLI is a secured creditor being improperly treated in the Modified Plan in violation of the Bankruptcy Code (11 U.S.C.

§1325(a)(4) and (5)). In either scenario, the Debtor's Modified Plan is simply unconfirmable. As such, it is respectfully requested that the Court deny confirmation of the Debtor's Modified Plan.

We thank the Court for its time and courtesies in this regard.

                Respectfully submitted,
                DEMBO, BROWN & BURNS LLP

                Kyle F. Eingorn

KFE/nv
Enclosures
Cc:    Sarah J. Crouch, Esquire
       Marie-Ann Greenberg, Esquire
       S. Dewayne Horton, Manager